Dear Mr. Walker:
You have recently requested this office to render our opinion concerning the following issue:
Is commercially sensitive confidential information that forms a part of the Hospital Service District's ongoing marketing strategy and strategic plan exempt from disclosure under the Public Records Act?
The Hospital Service District Act, LSA-R.S. 46:1051, etseq., provides the law applicable to Hospital Service Districts. In 1984, the legislature amended the Hospital Service District Act to include a new Part II entitled "Enhanced Ability to Compete," pursuant to LSA-R.S. 46:1070-1077. Central to the legislature's 1984 mandate is an express authorization for Hospital Service Districts to "develop marketing strategies for . . . existing hospital health services" and to "develop strategic plans for the development of any future hospital health service or facility." LSA-R.S. 46:1073(A).
When enacting these strategic planning provisions, the legislature expressly recognized "that the market for hospital and health care services is becoming increasingly competitive." LSA-R.S. 46:1071. As a result of this increasing competitiveness, hospitals are being forced "to develop market strategies and strategic plans to effectively compete" in the market place. LSA-R.S. 46:1071. However, "hospital service districts are presently at a competitive disadvantage," according to the legislature's findings, because of their inability to develop such market strategies and strategic plans. LSA-R.S. 46:1071.
The legislature has declared that the purpose of the 1984 amendments to the Hospital Service District Act regarding strategic plans and marketing strategies is to "enhance the ability of a hospital service district to compete effectively and equally in the market for health care services."
LSA-R.S. 42:1071. Because of the importance of this goal, the legislature has further directed that the laws providing for enhanced ability to compete "shall be liberally construed." LSA-R.S. 42:1071.
As this office explained in Attorney General Opinion 95-193, the phrases "market strategies" and "strategic plans" are defined by the statute to include "any plan, strategy, or device developed or intended to promote, sell, or offer to sell any hospital health service, and "any plan, strategy, or device developed or intended to construct, operate, maintain a health facility or engage in providing, promoting, or selling a hospital health service." LSA-R.S. 46:1073(A).
When enacting these strategic planning provisions, the legislature expressly recognized "that the market for hospital and health care services is becoming increasingly competitive." LSA-R.S. 46:1071. Based on these definitions, this office's earlier opinion concluded "that the definition of `strategic plans' encompasses those plans concerning acquisition of property, medical practices, and ancillary medical service companies since those transactions advance the development of the health facility as contemplated by the statute." Opinion 95-193, page 2.
Additionally, this office's earlier opinion answered in the affirmative your question as to when the strategic plan "includes multiple, interdependent components," the district can legally "act in executive session in a final and binding manner until the strategic plan has been fully developed and brought to a logical conclusion." This office explained that the Hospital Service District Commission "may continue to act within the confines of an executive session until such time as the development of those proposed marketing strategies and strategic plan are brought to a final resolution" and observed that any other conclusion "would hinder the ability of the Hospital Service District Commission to compete, clearly in contradiction to the purpose of the statute." Opinion 95-193, page 2.
This opinion is consistent with the expressed purpose of the statute, to permit the hospital service district equal ability to compete, and with LSA-R.S. 46:1073(B) which states:
 Notwithstanding the provisions of R.S. 42:4.1 et seq. [the Open Meetings Law] or any other law to the contrary, a hospital service district commission may hold an executive session for the discussion and development of marketing strategies and plans.
Thus, this office recognized that acting publicly without the protection of an executive session "would hinder the ability of the Hospital Service District to compete." Our conclusion in Opinion 95-193, is supported by recent caselaw, in which the court stated:
 The defendants have also raised the issue of whether the Hospital District violated the open meetings laws, LSA-R.S. 42:4.1-13 in making the decision to expropriate the Fontenot's property in a closed meeting. LSA-R.S. 46:1073(B) specifically authorizes a hospital service district commission to hold an executive, or closed, session for the discussion and development of strategic plans, which includes any plan, strategy or device developed or intended to construct, operate or maintain a health facility (LSA-R.S. 1072(4)). Therefore, this issue has no merit.
While the language quoted above was stated in the first footnote in the case of Calcasieu-Cameron Hospital ServiceDistrict vs. Fontenot, 628 So.2d 75 (La.App 3rd Cir. 1993);writ den., 634 So.2d 854 (La. 1994), it is the sole jurisprudential interpretation of LSA-R.S. 46:1073(B) which our research reflects. As stated therein, the court found no merit to the argument that the hospital service district had violated the Open Meetings Laws by making the decision to expropriate certain property in executive session. Further note that the opinion of the court in Calcasieu, supra, was rendered in November of 1993, subsequent to Opinion 93-62 issued by this office in September of 1993. In Opinion 93-62 we advised that "business during the executive session is limited to a discussion of those matters which are privileged. Any formal action by vote must be taken in open session." This conclusion is now overruled to the extent that it is in conflict with the language of Calcasieu, supra. Based upon this reasoning, we conclude Opinion 95-193 remains an accurate interpretation of existing law.
Similarly, disclosure of such ongoing plans, or the commercially sensitive information that forms a part of those plans, pursuant to the Public Records Act, would also hinder the Hospital Service District's competitive position "clearly in contradiction to the purpose of the statute."
The statute also grants the following exemption from the Public Records Act in, LSA-R.S. 46:1073(C), stating:
 Notwithstanding the provisions of R.S. 44:1 et seq. or any other law to the contrary, any marketing strategy and strategic plan of a hospital service district commission and the facility owned or operated by the district shall not be public record and shall be confidential. . . . (Emphasis added).
Because of the statute's clear policy and provisions, the Public Records Act cannot be used to force disclosure of the multiple, interdependent components of an ongoing strategic plan until the strategic plan has been fully developed and brought to a logical conclusion. See Opinion No. 95-193.
In the present case, the District's strategic plan calls for such initiatives or objectives as the acquisition of properties and medical practices, the expansion of services, facility extension, human resources development and many other activities intended to position the District for continued viability in a crowded marketplace. If the District is required to publicly release documents and written records which evidence and chronicle the implementation of the Hospital District's strategic plan, the ability of the District to compete effectively and equally in the market for health care services would be hindered. To require Public Records Act disclosure under such circumstances is to render ineffectual the specific and unequivocally clear exemptions granted to hospital service districts in LSA-R.S.46:1073.
In keeping with these express statutory exemptions, and the legislature's directive that the 1984 amendments are to be construed broadly to achieve the purposes of the statute, the answer to your question is affirmative. Within the context of the Hospital Service District's current competitive environment, commercially sensitive confidential information, which is part of the marketing strategy or strategic plan of the hospital service district, remains exempt from disclosure under the Public Records Act.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 18, 1995